**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-DAM, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD SCHEDIWY and LAURA STRAUSS, <br><br> Defendants. | Case No. 1:11-CV-01141-AWI-SMS <br><br> ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR RELIEF FROM SCHEDULING ORDER <br><br> (Doc. 46) |

Defendants file this motion for relief for "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1) for disclosing their expert witness five days after the deadline. Plaintiff opposes and asks for exclusion or other sanctions pursuant to Rule 37(c). Because the Court finds that the original scheduling order was untenable, the Court denies Defendants' motion as moot, does not order sanctions, and orders the parties to meet and confer over new dates, as detailed below.

**FACTS**

Defendants' expert is Neil Anderson, a geotechnical engineer. On February 12, 2013, he inspected Defendants' property. On February 14, he told Kathleen Clack, counsel for Defendants, that he could not finish his report by the next day, the expert disclosure deadline. Ms. Clack took his call but was too sick to call Plaintiff. Five days after the February 15 deadline, Ms. Clack mailed the report to Thomas Marrs, counsel for Plaintiff. Mr. Marrs had not retained an expert witness, and Ms. Clack's February 21 voicemail was his first indication that she intended to do so. He now had fifteen days to retain a rebuttal witness. He told Ms. Clack he would move to strike Mr. Anderson. Thirteen

1

1  days later, with no motion to strike forthcoming, Ms. Clack filed this motion.

2  Ms. Clack has missed deadlines in this litigation twice before. After the District Court denied her motion to dismiss the First Amended Complaint, she had 14 days from December 21, 2011 to file an answer. On January 27, 2012, Plaintiff reminded her to answer. Ms. Clack responded that the delay was because a law clerk had family medical issues. She then missed the March 30, 2012 deadline for initial disclosures. On July 10, 2012, Mr. Marrs warned that he would seek default if she did not file an answer within two days. She did so in three. Mr. Marr also demanded that she file her late initial disclosures. She promised to have these done by July 27, 2012. That day, Mr. Marrs demanded that she file them within four days or he would seek sanctions. Ms. Clack complied.

## **RELIEF UNDER RULE 60(b)(1)**

Ms. Clack attributes her delay to "excusable neglect" under Fed. R. Civ. P. 60(b)(1):[1] because she was sick, she could not ask Mr. Marrs to stipulate to extend the deadline. However, Rule 60(b)(1) does not forgive deadlines. It forgives orders, and only where relief is requested within a year of the order. *See Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989). Here, the scheduling order was issued on February 29, 2012, more than a year prior to Defendants' request.

Moreover, Ms. Clack's illness, excusable or not, is not the reason she missed the deadline. Even if she could have called Mr. Marrs on February 14, he was under no obligation to be as indulgent with deadlines as he had been in the past. This apparently does not go without saying. In her reply, Ms. Clack suggests that because Mr. Marrs never objected to her prior missed deadlines, he must not have been "so concerned," then argues that now that he has finally objected, she should be awarded attorney's fees. The Court reiterates: Deadlines are serious. There must be no more delayed responses or missed deadlines in this case.

## **SANCTIONS UNDER RULE 37(a)**

A party must disclose expert witnesses "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Failure to do so may lead to sanctions unless the party shows its failure was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v.*

---

[1] Ms. Clack also requests relief under Rule 60(b)(6), but offers no good reason for it. An "independent action for relief" under Rule 60(d)(1) is also not realistic. *See Independent Action for Relief*, 11 Fed. Prac. & Proc. Civ. § 2868 (3d ed.).

*Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Although the sanction of exclusion of the evidence has been called "automatic," "self-executing," and "mandatory," as a practical matter a variety of sanctions are available at the Court's discretion. *See* Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice and Procedure*, 8B Fed. Prac. & Proc. Civ. § 2289.1 (3d ed.). Courts have "particularly wide latitude" in their discretion to sanction under Rule 37(c)(1). *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245 (9th Cir. 2012).

### 1. **Substantial Justification**

Ms. Clack acknowledged that she did not retain Mr. Anderson until very close to the disclosure deadline. As justification, she stated that Tri-Dam already employed the best experts in the area. She also described issues unique to her clients, including difficulties getting equipment on a road. For his part, once retained, Mr. Anderson wanted "a few more days" to complete his analysis.

These statements, even if true, do not amount to "substantial justification." Ms. Clack knew of the discovery deadline for a full year, yet Mr. Anderson did not even inspect Defendants' retaining wall until three days before his report was due. Neither Ms. Clack nor Mr. Anderson would have needed more time if he had been retained earlier, been given the documents earlier or started his work sooner. *Cf. Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) (preoccupation with "a rash of discovery" not "substantial justification").

### 2. **Harmlessness**

The first question is what harms count. Rule 37 only asks whether "the failure" was harmless. Thus, though discovery has closed in the time since the late disclosure, the cost of reopening discovery does not count. Plaintiff could have mitigated this delay by filing its motion to strike; the Court appreciates that Defendants did so when Plaintiff did not. Likewise, the (somewhat debatable) $50,000 that Plaintiff says it will spend responding to Defendants' expert is not a cost of Defendants' delay. It is a cost of suing Defendants. While the use of expert testimony distinguishes this case from the other Tri-Dam cases, now is not the time to decide whether it is necessary.

Thus, the court considers the harm caused by the five-day delay. The Court does not trivialize this amount of time. Even the simple act of adjusting a briefing schedule can be costly. In a case where a late disclosure was made eight months before trial, the Ninth Circuit explained:

3

> If Wong had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well. Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.

*Wong v. Regents of the University of California,* 410 F.3d 1052 (9th Cir.2005). Nevertheless, while *Wong* acknowledges that disruption is harmful, it does not create a *per se* rule. There are degrees of harm. In *Wong*, for example, the expert disclosure was nearly three months after the deadline. By comparison, a district court found that an eleven day delay in disclosing an expert's report was harmless. *Galentine v. Holland America Line-Westours, Inc.,* 333 F.Supp.2d 991 (W.D.Wash.2004).

Here the late disclosure was truly harmless, even under the most pedantic definition of harm. The undersigned has learned from Judge Ishii that it is highly unlikely that he could hear the case on September 4, 2013. Thus, the scheduling order was untenable as written, and would have had to be adjusted with or without Defendants' delay.[2]

The parties must now meet and confer over new proposed dates. The Court DENIES Defendants' motion as moot and does not order sanctions. The new scheduling order should allow Plaintiff to disclose rebuttal experts and depose Defendants' expert, with a February 2014 trial date. The parties are directed to meet and confer, draft an amended scheduling order with new deadlines in keeping with the directives of the herein order, including but not limited to a trial date in February, 2014 that accommodates all counsels' schedules, which draft is to be submitted to the undersigned on or before May 15, 2013 for review and signature.

IT IS SO ORDERED.

DATED:  4/30/2013                             /s/ SANDRA M. SNYDER
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants have also pointed out that Mr. Anderson's report did not contain all the materials that he relied on. If this was error, it was harmless for the same reason. As an additional and independent ground for harmlessness, Ms. Clack has clarified that these materials either came from Plaintiff in discovery or were given to Plaintiff in discovery.