IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-DAM, | 1:11-cv-01141-AWI-MJS |
| Plaintiff, | **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR RELIEF, LIFTING STAY, REQUIRING DEFENDANTS TO SUBMIT ENGINEERED PLANS, AND VACATING HEARING DATE** |
| v. | |
| RICHARD SCHEDIWY AND LAURA STRAUSS, | |
| Defendants. | **(Doc. 87)** |

On March 6, 2014, this Court issued an order indicating that Defendants, Richard Schediwy and Laura Strauss ("Defendants"), "are REQUIRED to submit to Tri-Dam and the Army Corps of Engineers within 30 days a detailed plan regarding bringing their property into compliance by destroying their retaining wall, including the footings, and filling the property to its pre-excavation condition." The order further indicated that "Defendants MAY submit to Tri-Dam and the Army Corps of Engineers within 30 days a detailed plan regarding bringing their property into compliance by destroying their retaining wall down to the footings. This proposal must contain a plan for constructing a retaining wall that meets with Tri-Dam's requirements and makes use of the presently placed footings. Tri-Dam is encouraged but not required to consider granting a permit to Defendants as they have proposed."

On April 8, 2014, this Court stayed its March 6, 2014 order based on Defendants' representation of the impossibility or impracticability of removing the retaining wall and footings. Defendants submitted several rough proposals in support of their claim, each providing for a removal of the wall that left the presently existing footings in place. This Court ordered Plaintiff to respond, indicating whether or not it believes that each of the proposals would violate the easement and, if so, a detailed explanation of how the proposal would violate the easement. Rather than doing so, Plaintiff filed a response alleging that it, "must … receive engineered plans in order to evaluate the impact of a proposal on its easement", "the reservoir's shoreline, structural support for the hillside, or the sewer bench." (Doc. 90 at 12.) Plaintiff directed the Court to its general encroachment permit application requirements. The Court recognizes that Tri-Dam requires technical and specialized information before it can approve any construction or destruction of any article on the reservoir or its margin.

The only violation of the Tri-Dam easement recognized by this Court's order granting Plaintiff's motion for summary judgment was that the retaining wall, by intruding below the high water mark, interferes with the waters. (Doc 85. at 16.) However, the Tri-Dam easement does allow it to dispose of any obstruction or any other thing that would in any way tend to render unsafe or unsanitary the reservoir or the margin thereof. This Court does not read that language to require an unsafe condition to arise on the reservoir or its margin before Tri-Dam could take action to prevent or remedy it. Therefore, if the removal of the retaining wall does threaten collapse of the sewer road, as Plaintiff suggests, then Tri-Dam's easement gives it the right to ensure that remedying the interference with the waters does not render unsafe or unsanitary the margin of the reservoir. In order to do so a complete encroachment permit application must be submitted.

Merely requiring Defendants to submit the proposals in Parts 1 and 2 of its March 6, 2014 order so that Plaintiffs can make a determination as to whether each would violate its easement would not run the risk of collapse of the sewer road.[1] Defendants have indicated that

---

[1] Defendants are reminded that the Tri-Dam easement permits *it* to remove any offending obstruction. If the parties continue to fail to work toward resolution, the Court may allow Tri-Dam to simply remove Defendants' retaining wall as it sees fit and require Defendants to pay the cost.

they have concerns as to the implementation of a deconstruction plan that removes the footings of their retaining but have indicated that there is a bid for such a deconstruction plan. (Doc. 87 at 2.) That plan is to be submitted to Plaintiff in the form outlined by the Tri-Dam Encroachment Permit Application (i.e. completing the application form, describing the project and location, and including an engineered site plan and application fee). Defendants may submit other proposed deconstruction plans (submitted as an alternative to the required complete deconstruction plan), including any plans that include removal of the retaining wall down to the footings or partial removal of the retaining wall such that the original contour line is recreated, if possible.[2] Any such plans must be submitted in the form outlined by the Tri-Dam Encroachment Permit Application.

All deconstruction plans must be submitted to Tri-Dam within 30 days of the date of this order. Should Plaintiff deny a deconstruction plan it must issue a detailed explanation of the reasons for its denial. If Defendants fail to submit deconstruction plans as required, the Court may allow Plaintiff - in accordance with its easement – to enter upon the land to destroy the retaining wall such that it no longer interferes with waters of the reservoir. In any event, Defendants shall be responsible for the cost of removal of the retaining wall and any costs incident to its removal.  Defendants are strongly encouraged to provide all available information to Tri-Dam to expedite resolution of this matter without further court involvement. Plaintiff is encouraged to bear in mind while evaluating Defendants' applications that Defendants' wall is only in violation of the easement so long as Defendants' wall interferes with the waters of the reservoir. The parties are expected to meet and confer in a meaningful fashion to minimize the need for further Court intervention in this matter.

Relief is granted to Defendants only insofar as they are not required to submit a plan for construction of a new retaining wall if they elect to submit alternative plans pursuant to Part 2 of this Court's March 6, 2014 order; the plans may simply propose destruction of the wall down to

---

[2] So long as these plans purport to aid the structural integrity of the reservoir or shoreline this Court will consider them to be in compliance with Part 2 of this Court's March 6, 2014 order. Although a plan to build a new retaining wall may be submitted along with the alternative plans it will not be required.

its footings. Otherwise, Defendants' motion for relief is DENIED. Accordingly, the stay imposed by this Court's April 8, 2014 order is lifted.

      The presently scheduled hearing date of May 6, 2014, is hereby vacated and the parties shall not appear at that time. Within 10 days of Tri-Dam issuing a decision on Defendants' deconstruction plans (or when all decisions are issued if issued separately), the parties must submit to this Court a joint status update. The update should include Defendants' submissions, Plaintiff's decisions, and the parties' timeline for effectuating this Court's orders.

IT IS SO ORDERED.

Dated:  May 5, 2014

                                SENIOR DISTRICT JUDGE